**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SECURA INSURANCE COMPANY,

        Plaintiff,

v.

GOLDBERG GENERAL CONTRACTING,
INC., an Illinois corporation; and EDUARDO
PUGA GONZALEZ

        Defendants.

Court No. 1:26-cv-00905

**PLAINTIFF'S FIRST AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT**

NOW COMES the Plaintiff, SECURA INSURANCE COMPANY ("SECURA"), by its

attorneys, BEST, VANDERLAAN & HARRINGTON, and for its First Amended Complaint for

Declaratory Judgment against Defendants GOLDBERG GENERAL CONTRACTING, INC., an

Illinois corporation; and EDUARDO PUGA GONZALEZ, states as follows:

**NATURE OF THE ACTION**

1. In this Complaint, SECURA seeks a declaratory judgment confirming that it does

not owe any potential coverage, duty to defend nor duty to indemnify GOLDBERG GENERAL

CONTRACTING, INC. ("GOLDBERG") pursuant to a Commercial Protection Policy or a

Commercial Umbrella Policy issued by SECURA to its named insured, "G&L Contractors, Inc.",

with respect to an underlying lawsuit captioned *Eduardo Puga Gonzalez v. Goldberg General*

*Contracting, Inc., an Illinois Corporation, KL5 Inc. d/b/a K. Lowe Plumbing, Inc., an Illinois*

*corporation, J.S. Masonry Inc., an Illinois Corporation, and SILA Services, LLC, d/b/a AA Service*

*Company Heating & Cooling, a foreign corporation*, which is pending before the Circuit Court of Cook County as Case No. 2025 L 006195 (the "Underlying Suit").

## PARTIES

2.     Plaintiff, SECURA INSURANCE COMPANY, A MUTUAL INSURANCE COMPANY, is an insurance company organized under the laws of Wisconsin and with its principal place of business in Appleton, Wisconsin. Mutual insurance companies are treated as corporations under Wisconsin law. See W.S.A. §§ 611.01, 611.12. SECURA Insurance Company is a wholly owned subsidiary of SECURA Holdings, Inc., which is itself a wholly owned subsidiary of SECURA Insurance Mutual Holding Company. SECURA Insurance Company is also the parent company to SECURA Supreme Insurance Company and SECURA Select Insurance Company. Thus, SECURA is a citizen of Wisconsin.

3.     Defendant, GOLDBERG GENERAL CONTRACTING, INC., is an Illinois corporation with its principal place of business in Illinois and is thus a citizen of Illinois.  Its sole officer is Jacob S. Goldberg, and Mr. Goldberg is a natural person domiciled in Illinois and a citizen of Illinois.

4.     Defendant, EDUARDO PUGA GONZALEZ ("GONZALEZ"), is the underlying plaintiff and is included hereto as a potentially interested and thus necessary party, only, without any specific relief being sought by Plaintiff against them, other than to bind them to any declaratory judgement entered by the Court. Defendant GONZALEZ is a natural person domiciled in Illinois and a citizen of Illinois.

5.     As such, there is complete diversity of citizenship between Plaintiff and Defendants.

**JURISDICTION AND VENUE**

6.     Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.     Venue is proper in this Court under 28 U.S.C. §§ 1391(a)(1), (b)(1)-(3), (c)(1)-(2), (d), because all parties are subject to the personal jurisdiction in this District, and because the insurance contract at issue was performed in this District.

**THE UNDERLYING ACTION**

8.     The Underlying Complaint, a true and correct copy of which is attached hereto at ECF 1-1, alleges that GOLDBERG was liable for injuries incurred by GONZALEZ when GONZALEZ was injured due to a piece of construction material that fell on him while on a project that was created by GOLDBERG.  There are no allegations in the Underlying Complaint that G&L created the unsafe condition at the project site or was otherwise liable for GONZALEZ's injuries. *Id.*

9.     GOLDBERG filed a Third-Party Complaint against SECURA's named insured, "G&L Contractors, Inc, which is attached hereto as ECF 1-4, alleging three counts against the same sounded in negligence and breach of contract.  The allegations set forth within this Third-Party complaint are insufficient to allege that G&L created the unsafe condition at the project site or was otherwise liable for GONZALEZ's injuries. *Id.*

**THE SECURA POLICIES**

10.     SECURA issued Commercial Protection policy number 20-CP-003303882-13 ("CGL Policy") to G&L Contractors, Inc., as named insured, with effective dates of August 17,

2022, to August 17, 2023. A copy of the SECURA General Liability Policy is attached in ECF No. 1-2.

11.    SECURA also issued Commercial Umbrella Policy number 20-CU-003303885-13 ("Umbrella Policy") to the same named insured for the same policy period.  A copy of the SECURA Umbrella Policy is attached in ECF No. 1-3.

12.    The CGL Policy contains the following potentially relevant provisions:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

      **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

      **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

   …

2. **Exclusions**

   This insurance does not apply to:

   …

   b. **Contractual Liability**

      "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

      **(1)** That the insured would have in the absence of the contract or agreement; or

      **(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary

litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

> **(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

> **(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

…

**d. Worker's Compensation And Similar Laws**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation or any similar law.

**e. Employer's Liability**

"Bodily injury" to:

**(1)** An "employee" of the insured arising out of and in the course of:

> **(a)** Employment by the insured; or

> **(b)** Performing duties related to the conduct of the insured's business; or

**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

…

**SUPPLEMENTARY PAYMENTS – COVERAGES A AND B**

…

**2.** If we defend an insured against a "suit" indemnitee of the insured is also named as a party to the "suit", we will defend that indemnitee if all of the following conditions are met:

**a.** The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";

**b.** This insurance applies to such liability assumed by the insured;

**c.** The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same "insured contract";

**d.** The allegations in the "suit" and the information we know about the "occurrence" are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee;

**e.** The indemnitee and the insured ask us to conduct and control the defense of that indemnitee against such "suit" and agree that we can assign the same counsel to defend the insured and the indemnitee; and

**f.** The indemnitee:

**(1)** Agrees in writing to:

    a. Cooperate with us in the investigation, settlement or defense of the "suit";

    b. Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "suit";

    c. Notify any other insurer whose coverage is available to the indemnitee; and

    d. Cooperate with us with respect to coordinating other applicable insurance available to the indemnitee; and

**(2)** Provides us with written authorization to:

    **(a)** Obtain records and other information related to the "suit"; and

    **(b)** Conduct and control the defense of the indemnitee in such "suit".

So long as the above conditions are met, attorneys' fees incurred by us in the defense of that indemnitee, necessary litigation expenses incurred by us and necessary litigation expenses incurred by the indemnitee at our request will be paid as Supplementary Payments. Notwithstanding the provisions of Paragraph **2.b.(2)** of Section **I** – Coverage **A** – Bodily Injury And Property Damage Liability, such payments will not be deemed to be damages for "bodily injury" and "property damage" and will not reduce the limits of insurance.

Our obligation to defend an insured's indemnitee and to pay for attorneys' fees and necessary litigation expenses as Supplementary Payments ends when we have used up the applicable limit of insurance in the payment of judgments or settlements or the conditions set forth above, or the terms of the agreement described in Paragraph **f.** above, are no longer met.

…

## SECTION II – WHO IS AN INSURED

**1.** If you are designated in the Declarations as:

**a.** An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

**b.** A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

    **c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

    **d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

    **e.** A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

**2.** Each of the following is also an insured:

    **a.** Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business…

…

    **b.** Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

    **c.** Any person or organization having proper temporary custody of your property if you die, but only:

        **(1)** With respect to liability arising out of the maintenance or use of that property; and

        **(2)** Until your legal representative has been appointed.

    **d.** Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this policy.

**3.** Any organization you newly acquire or form, other than a partnership, joint venture, or limited liability company and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization…

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

…

13. The Policy includes the Amendment of Insured Contract Definition, Form CG 24 26 07 04, which provides as follows:

**AMENDMENT OF INSURED CONTRACT DEFINITION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Paragraph **9.** of the **Definitions** Section is replaced by the following:

**9.** "Insured contract" means

…

**f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by you or by those acting on your behalf. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

…

14. The Policy also includes the General Liability Amendatory endorsement, Form

CGE 1000 1801, which includes but is not limited to the following:

**C.** The following provisions apply to all Additional Insured extensions attached to the Commercial General Liability Coverage Part:

1. The insurance afforded to such additional insured only applies to the extent permitted by law and will not be broader than the most restrictive of the following:

    a. Terms required to be provided to such additional insured through a written agreement with such additional insured; or

    b. Terms and conditions included within the forms which make up the Commercial General Liability Coverage Part.

2. The Limits of Insurance applicable to the additional insured are those specified in the written agreement or in the Declarations for this policy, whichever is less. These Limits of Insurance are inclusive and not in addition to the Limits of Insurance shown in the Declarations. If other insurance available to you and written by us is applicable to this additional insured, the maximum recovery under all coverage forms or policies combined may equal but not exceed the highest applicable limit under any one coverage form or policy providing coverage on either a primary or excess basis.

**D.** The definition of "insured contract" as used in the Commercial General Liability Coverage Part is modified by adding the following:

However, such part of a contract or agreement shall only be considered an "insured contract" to the extent your assumption of tort liability is permitted by the law.

*Id.*

15. The Policy also includes the Additional Insured Wrap Endorsement, Form CGE 1037 1301, which includes but is not limited to the following:

**ADDITIONAL INSURED WRAP**

This Endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

With respect to coverage provided by this Endorsement, the provisions of the Coverage Part apply unless modified by this Endorsement.

**A. Additional Insured When Required By Written Agreement**

    **1. Operations Performed For An Additional Insured**

WHO IS AN INSURED is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in a written agreement prior to a loss, that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

    **a.** Your acts or omissions; or

    **b.** The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured. A person's or organization's status as an additional insured under this provision ends at the earlier of when your operations for that additional insured are completed; or the end of the policy period.

…

    **2. Limitations**

The Operations Performed For An Additional Insured coverage is limited as follows:

…

    **c.** The Limits of Insurance applicable to the additional insured are those specified in the written agreement or in the Declarations for this policy, whichever is less. These Limits of Insurance are inclusive and not in addition to the Limits of Insurance shown in the Declarations. If other insurance available to you and written by us is applicable to this additional insured, the maximum recovery under all coverage forms or policies combined may equal but not exceed the highest applicable limit under any one coverage form or policy providing coverage on either a primary or excess basis.

   **d.** This insurance does not apply if the person or organization required to be added as an additional insured is specifically named as an additional insured under any other provision of, or endorsement added to this policy.

   …

**C. Primary And Noncontributory**

As respects the coverage provided under this endorsement, the Other Insurance Condition is amended as follows:

The paragraph regarding Excess Insurance is deleted and replaced with the following:

**Excess Insurance**

This insurance is excess over any other insurance available to the additional insured whether primary, excess, contingent or on any other basis unless the written agreement described in A. and B. above specifically requires that this insurance be either primary or primary and noncontributory. Then this insurance is primary and not contributing with any insurance available to the additional insured which covers that person or organization as a named insured.

   …

**F. Additional Condition**

The following condition is added:

**Additional Insured Duty To Notify**

The additional insured described in A. or B. above must give written notice of loss, including a demand for defense and indemnity, to any other insurer having coverage for the loss under its policies. Such notice must demand full coverage available and the additional insured shall not waive or limit such other available coverage.

This additional condition does not apply to the insurance available to the additional insured which covers that person or organization as a named insured.

All other terms and conditions of this policy not in conflict with the terms and conditions of this Endorsement shall continue to apply.

   …

*Id.*

16.    The Policy also includes the General Liability Wrap Endorsement, Form CGT 1000

1301, which includes but is not necessarily limited to the following relevant provisions:

With respect to coverage provided by this Endorsement, the provisions of the Coverage Part apply unless modified by this Endorsement.

   …

**H. ADDITIONAL INSURED BY WRITTEN AGREEMENT**

1. SECTION II – WHO IS AN INSURED on the COMMERCIAL GENERAL LIABILITY COVERAGE FORM is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

   a. Your acts or omissions; or

   b. The acts or omissions of those acting on your behalf; in the performance of your ongoing operations for the additional insured.

   A person's or organization's status as an additional insured under this Endorsement ends when your operations for that additional insured are completed.

   …

   3. The limits of insurance applicable to such insurance shall be the lesser of the limits required by the written agreement between the parties or the limits provided by this policy.

   …

*Id*.

17. The Policy also includes the General Liability Amendatory Endorsement, Form CGE 1000 1801, which includes but is not necessarily limited to the following language:

**GENERAL LIABILITY AMENDATORY**

…

C. The following provisions apply to all Additional Insured extensions attached to the Commercial General Liability Coverage Part:

   1. The insurance afforded to such additional insured only applies to the extent permitted by law and will not be broader than the most restrictive of the following:

      a. Terms required to be provided to such additional insured through a written agreement with such additional insured; or

      b. Terms and conditions included within the forms which make up the Commercial General Liability Coverage Part.

   2. The Limits of Insurance applicable to the additional insured are those specified in the written agreement or in the Declarations for this policy, whichever is less. These Limits of Insurance are inclusive and not in addition to the Limits of Insurance shown in the Declarations. If other insurance available to you and written by us is applicable to this additional insured, the maximum recovery under all coverage forms or policies combined may equal but not exceed the highest applicable limit under any one coverage form or policy providing coverage on either a primary or excess basis.

**D.** The definition of "insured contract" as used in the Commercial General Liability Coverage Part is modified by adding the following:

> However, such part of a contract or agreement shall only be considered an insured contract to the extent your assumption of the tort liability is permitted by law.

*See* ECF 1-2.

18. Meanwhile, the Umbrella Policy provides as follows with respect for Who Is An Insured in the Commercial Liability Umbrella Coverage Form, Form CU 00 01 04 13:

**COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM**

…

**SECTION II – WHO IS AN INSURED**

…

**3.** Any additional insured under any policy of "underlying insurance" will automatically be an insured under this insurance.

Subject to Section **III** – Limits of Insurance, if coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance:

**a.** Required by the contract or agreement, less any amounts payable by any "underlying insurance"; or

**b.** Available under the applicable Limits of Insurance shown in the Declarations whichever is less.

Additional insured coverage provided by this insurance will not be broader than coverage provided by the "underlying insurance".

*See* ECF 1-3.

19. The Umbrella Policy also includes the potentially relevant Contractors Endorsement, form CUE 5064 1801 that modifies the coverage exclusions, which in relevant part provides as follows:

**CONTRACTORS ENDORSEMENT**

This endorsement modifies insurance provided under the following:
COMMERCIAL LIABILITY UMBRELLA COVERAGE PART

With respect to coverage provided by this endorsement, the provisions of the Coverage Part apply unless modified by the Endorsement.

…

**1. Contractual Liability Exclusion**

SECTION I – COVERAGES; COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY; 2. Exclusions; b. Contractual Liability is deleted and replaced with the following:

**b. Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in any contract or agreement, whether written or oral. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.

…

**2. Residential Construction Work Exclusion**

**a.** The following exclusions are added to SECTION I – COVERAGES; COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY; 2. Exclusions and SECTION I – COVERAGES; COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY; 2. Exclusions:

**Exclusion –Residential Construction Work –** This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of "your product" or "your work" on any single or multi-family "residential construction" project.

This Exclusion does not apply to repair work or improvements on existing buildings that have been occupied prior to such work or improvements beginning, but this exception does not apply to the conversion of any existing buildings into "residential habitation".

**Exclusion – Conversion of Buildings or Structures to Residential Use –** This insurance does not apply to "bodily injury, "property damage", or "personal and advertising injury" arising out of "your product" or "your work" on any project involving the conversion of any existing buildings or structures into "residential habitation".

**b.** The following definitions are added to SECTION V – DEFINITIONS:

"Residential construction" means all development, design, building or other construction, improvements, site selection, surface or subsurface site preparation, conversion, renovation, reconstruction, rehabilitation, or any work, products or component parts thereof or services provided in relation to any of the foregoing, involving property intended in whole or in part for "residential habitation", or any common or public areas or facilities related thereto…

…

*Id.*

20.     The Policy also includes the Illinois Changes – Defense Costs endorsement, Form IL 01 62 10 13, which provides in relevant part as follows:

> This endorsement modifies insurance provided under the following:
> …
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
> COMMERCIAL LIABILITY UMBRELLA COVERAGE PART
> …
>
> **A.** The provisions of Paragraph **B.** are added to all Insuring Agreements that set forth a duty to defend under:
>
> 3.  Section **I** of the Commercial General Liability, Commercial Liability Umbrella, … Policy.
> …
>
> **B.** If we initially defend an insured ("insured") or pay for an insured's ("insured's") defense but later determine that the claim(s) is (are) not covered under this insurance, we will have the right to reimbursement for the defense costs we have incurred.
>
> The right to reimbursement for the defense costs under this provision will only apply to defense costs we have incurred after we notify you in writing that there may not be coverage, and that we are reserving our rights to terminate the defense and seek reimbursement for defense costs.

*Id.*

## COUNT I – Declaratory Relief

## SECURA DOES NOT OWE A DUTY TO DEFEND OR INDEMNIFY GOLDBERG FOR THE ALLEGATIONS OF THE UNDERLYING COMPLAINT UNDER THE POLICIES

21.     The allegations made in paragraphs 1-20 above are hereby incorporated as paragraph 21 of this Count I as though fully set forth herein.

22.     SECURA owes no potential duty to defend nor duty to indemnify GOLDBERG with respect to the Underlying Complaint and Lawsuit for a number of reasons.

23.     First, GOLDBERG does not qualify as an insured under the SECURA Policies, as it is not named as the Named Insured on the Declarations of the Policy, nor is it scheduled as an insured or additional insured, nor does it qualify as an additional insured pursuant to any of the policy endorsements discussed above.

24. Second, without waiving the above argument that GOLDBERG is not an insured, the SECURA CGL Policy affords coverage subject to the terms, conditions, limitations and exclusions set forth in the Policy. See ECF No. 1-2.

25. The additional insured provisions of the SECURA CGL Policy provides that a party qualifying as an additional insured is only an additional insured to the extent that the additional insured is held liable for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by G&L's acts or omissions or the acts or omissions of those acting on G&L's behalf. *Id*.

26. The Underlying Complaint only seeks to impose liability on GOLDBERG for its own independent liability and not any liability alleged, nor potentially alleged, to have been caused in whole or in part by G&L or anybody acting on behalf of G&L.

27. Additionally, the SECURA CGL Policy contains various conditions precedent to coverage, including but not limited to conditions requiring that any party seeking coverage, including GOLDBERG, give written notice of loss, including a demand for defense and indemnity, to any other insurer having coverage for the loss under its policies, and a condition rendering any coverage that may be available from SECURA to be excess to any such other insurance.

28. Based upon investigation, information and belief, there is or may be other insurance coverage available to GOLDBERG, including but not limited to their own respective insurer, and from other parties, including but not necessarily limited to other contractors, subcontractors and/or entities involved in the project, including all other named co-defendants, that would have potentially provided additional insurance sources to GOLDBERG.

29. GOLDBERG has not demonstrated compliance with all of the applicable Policy Conditions discussed above, including but not necessarily limited to the condition requiring it to

tender to any and all other sources of insurance coverage (including but not necessarily limited to additional insured coverage from other insurers for other subcontractors or entities with which GOLDBERG contracted for the same), has breached the policy conditions by making a "targeted tender" to SECURA, and has not demonstrated that they have given written notice of loss, including a demand for defense and indemnity, to each and every other insurer having coverage for the loss under its policies, and this failure to satisfy conditions precedent to coverage is an additional basis to deny coverage for GOLDBERG under the Policies.

30.     GOLDBERG's Third-Party Complaint does not change fact that the Underlying Complaint only seeks to impose liability on GOLDBERG for its own independent liability and not any liability alleged, nor potentially alleged, to have been caused in whole or in part by G&L or anybody acting on behalf of G&L. This court should not consider this Third-Party Complaint as it is merely the putative insured's self-serving pleading in an attempt to bolster its own claim for coverage.

31.     To the extent that any such other coverage exists for GOLDBERG, and even if the Court were to find that GOLDBERG qualifies as an additional insured on the SECURA Policy and that the liability alleged against them in the Underlying Lawsuit potentially falls within either SECURA Policy, which is denied and will continue to be denied, then any potential coverage from SECURA would apply only in excess to any other source of insurance coverage available to GOLDBERG, and thus, SECURA would not owe any duty to defend or indemnify GOLDBERG.

32.     With respect to the SECURA Umbrella Policy, the Umbrella Policy contains similar or identical definitions, coverage provisions and exclusions as set forth with respect to the CGL Policy, and thus, the same reasons apply to preclude any coverage under the SECURA Umbrella Policy.

33.     Moreover, the Umbrella Policy only provides coverage for "ultimate net loss" in excess of the "retained limit" subject to the other provisions, conditions, and exclusions set forth and discussed herein. The Umbrella Policy defines "retained limit" to mean the available limits of "underlying insurance", and at this time, the available limits of the "underlying insurance" have not been exhausted.

34.     As such, no potential coverage, nor duty to defend or indemnify, is potentially owed pursuant to the SECURA Umbrella Policy.

For the reasons set forth above, SECURA INSURANCE COMPANY, asks this Court to enter a declaratory judgment for SECURA and against Defendants, declaring that the Commercial Policy's General Liability Coverage and the Umbrella Policy do not afford any coverage to GOLDBERG with respect to the Underlying Complaint and Underlying Lawsuit filed against GOLDBERG by EDUARDO PUGA GONZALEZ, and that SECURA does not owe any duty to defend or duty to indemnify GOLDBERG in connection with the same, and is not obligated to pay, indemnify or reimburse GOLDBERG for any expenses, attorneys' fees, costs, settlements, judgments, or any other costs related to GONZALEZ's Lawsuit.

Respectfully Submitted,
SECURA INSURANCE COMPANY

By: _____
Thomas J. Costello III
200 N. La Salle, Suite 2600
Chicago, IL 60601
312-819-1100
Fax 312-819-8062
tcostello@bestfirm.com
*Counsel for Plaintiff, SECURA Insurance*